IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NKRUMAH LUMUMBA VALIER, (TDCJ-CID #1546714) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-15-2388 |
| WILLIAM STEPHENS, | § § § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Nkrumah Lumumba Valier has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 challenging a 2008 state conviction. He challenges a conviction in the 183rd Judicial District Court of Harris County, Texas. On November 19, 2008, the court convicted Valier of aggravated sexual assault. (Cause Number 1150625). The court sentenced Valier to forty years in prison.

On November 4, 2014, Valier filed a federal petition for a writ of habeas corpus, Civil Action Number H-13-3257, collaterally attacking his 2008 conviction for aggravated sexual assault. On June 30, 2014, this court denied Valier's claims on the merits.

In the instant federal petition filed on August 18, 2015, Valier challenges the same conviction on the grounds of prosecutorial misconduct. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 6-8).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte. Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction

to consider Valier's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Valier's successive application, and therefore, this court lacks jurisdiction to consider Valier's habeas claims.[1]

Valier's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Valier's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED.

SIGNED at Houston, Texas, on ___August 24___, 2015.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Valier's litigation history, the court determines that Valier is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.